EBENEZER JAMES v. DUGALD A. McMILLAN ET AL.

*Stipulation to extend time.*

A stipulation to " extend " the time for taking testimony was entered into
after the time had expired. *Held,* that the extension agreed on ran
from the date of the stipulation and was not merely an " enlargement "
of the time first limited.

Appeal from Schoolcraft. (Steere, J.)  Oct. 10.—Oct. 15.

BILL to perfect title. Defendants appeal. Decree set
aside as premature.

*George K. Newcombe* for complainant.

*W. F. Riggs* for defendants.

COOLEY, C. J.  This is a case in equity.  It was put at
issue, by replication to defendant's answer, August 2, 1883.
On August 13, 1883, an order was entered for taking the
testimony in the case in sixty days under the rules. This time
expired October 12th.  The testimony was not taken, and on
November 13, 1883, the solicitors for the parties respectively
entered into the following stipulation :

" It is hereby stipulated that the time for taking testimony
in the above-entitled cause be extended sixty days, and the
testimony be taken according to the regular chancery prac-
tice."

The complainant then went on and took his testimony, and
on December 29, 1883, entered an order closing proofs.  He
then noticed the case for hearing.  Defendants moved to
strike the case from the docket on the ground that it was not
yet ripe for hearing, but the court denied the motion, heard
the case, and ordered decree entered for complainant.

In granting this decree the court construed the stipulation
of November 13th as one which merely enlarged the time for
taking proofs under the rules.  On that construction the par-
ties would have under it sixty days from October 12th.  But

we do not think the construction the correct one.    The parties *extend* the time sixty days; and by this we think they must be understood as speaking from that day and giving sixty days for taking testimony thereafter.    Had they made use of the word *enlarged* instead of *extended* it might have conveyed to the mind a different meaning.

The decree, we think, was prematurely entered and must be set aside, and the cause remanded for further proceedings.

The other Justices concurred.